**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

U.S. BANK NATIONAL,

*Plaintiff,*

v.

HENRY HAMILTON,

*Defendant.*

Civil Action No. 18-5218 (JMV)(MF)

**OPINION & ORDER**

**John Michael Vazquez, U.S.D.J.**

Defendant Henry Hamilton seeks to bring this removal action *in forma pauperis* pursuant to 28 U.S.C. § 1915. D.E. 1. For the reasons discussed below, the Court **GRANTS** Defendant's application to proceed *in forma pauperis* but the underlying action is **REMANDED** to the Superior Court of New Jersey, Essex County because Defendant has failed to show a proper basis for removal to the United States District Court for the District of New Jersey.

Under § 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Defendant sufficiently establishes his inability to pay, and the Court grants his application to proceed *in forma pauperis* without prepayment of fees and costs.

However, when allowing a litigant to proceed *in forma pauperis*, the Court must review the application and dismiss the action if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune. 28 U.S.C. § 1915(e)(2). When considering dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim on which relief can be granted, the Court must apply the same standard

of review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 Fed. App'x 120, 122 (3d Cir. 2012). Because Defendant is proceeding *pro se*, the Court construes the pleadings liberally and holds them to a less stringent standard than those filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). "The Court need not, however, credit a *pro se* [litigant's] 'bald assertions' or 'legal conclusions.'" *D'Agostino v. CECOM RDEC*, No. 10-4558, 2010 WL 3719623, at *1 (D.N.J. Sept. 10, 2010).

Here, instead of a plaintiff having brought a complaint that must be screened under the Rule 12(b)(6) standard, Defendant is instead seeking to remove a state court action to the United States District Court for the District of New Jersey. Thus, the Court will perform the requisite jurisdictional analysis it would under the motion to dismiss standard. "[T]he party asserting jurisdiction must satisfy the 'well-pleaded complaint rule,' which mandates that the grounds for jurisdiction be clear on the face of the pleading that initiates the case." *Goldman v. Citigroup Global Markets Inc.*, 834 F.3d 242, 249 (3d Cir. 2016) (citing *Franchise Tax Bd. Of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 9-11 (1983). "In short, 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Id.* (internal citations omitted). Here, the original Complaint concerns Defendant's eviction, and does not raise a federal question. This would ordinarily end the analysis, but the Court will also address Defendant's argument, as he is proceeding *pro se*.

"Federal courts have subject matter jurisdiction over a case if it satisfies federal question jurisdiction under 28 U.S.C. § 1331, or diversity jurisdiction under 28 U.S.C. § 1332." *Hines v. Irvington Counseling Ctr.*, 933 F. Supp. 382, 387 (D.N.J. 1996). Pursuant to 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the

Constitution, laws, or treaties of the United States." To establish diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), "the party asserting jurisdiction must show that there is complete diversity of citizenship among the parties" as well as an amount in controversy exceeding the statutory threshold. *Schneller ex rel Schneller v. Crozer Chester Med. Ctr.*, 387 Fed. App'x 289, 292 (3d Cir. 2010). Complete diversity is lacking if a plaintiff and any defendant are citizens of the same state. *Id.* Further, a plaintiff must "specifically allege each party's citizenship," and the Court may dismiss a complaint for lack of jurisdiction "where the plaintiff fails to allege sufficient facts for the court to evaluate whether diversity of citizenship exists." *Phillip v. Atl. City Med. Ctr.*, 861 F. Supp. 2d 459, 467 (D.N.J. Mar. 20, 2012).

Defendant appears to allege both federal subject matter and diversity jurisdiction. He claims violations of the federal and state constitutions. D.E. 1 at 4. To allege a violation of the federal constitution, a litigant may bring his claim under 42 U.S.C. §1983. 42 U.S.C. § 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

Section 1983 does not provide substantive rights; rather, it provides a vehicle for vindicating violations of other federal rights. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989). In order to state a valid claim for relief under § 1983, a litigant must first allege a violation of a right secured by the Constitution or laws of the United States and, second, must contend that the violation was caused or committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). However, Defendant has failed to allege what right has been violated or any state actor who has violated that right. Plaintiff is a private corporation, and any actions taken against

3

Defendant would not implicate §1983. As for diversity jurisdiction, Plaintiff is a citizen of both Ohio and New Jersey. D.E. 1 at 3. Defendant is a citizen of New Jersey. *Id.* Because both parties are citizens of New Jersey, there is not complete diversity of citizenship.

This is the third lawsuit Defendant and related parties have attempted to file in this District that pertains to the underlying eviction. *See Henry Hamilton v. U.S. Bank National, et al.* (2:17-cv-12303); *U.S. Bank National v. Hill, et al* (2:17-cv-12639). Should Defendant continue to file applications seeking essentially the same relief, the Court will continue to dismiss and/or remand them, and may bar Defendant from further filings in this District.

Accordingly, and for good cause shown,

**IT IS** on this 12 day of April, 2018,

**ORDERED** that Defendant's application to proceed *in forma pauperis* is **GRANTED**; and it is further

**ORDERED** that this action is **REMANDED** to the Superior Court of New Jersey, Essex County; and it is further

**ORDERED** that the Clerk of the Court mail a copy of the Opinion and Order to Defendant by regular mail and by certified mail return receipt.

John Michael Vazquez, U.S.D.J.